■ ANNA DE TATA, Appellant, v. FRANCES TRESS, Respondent, et al., Defendants.— In an action to foreclose a mortgage on real property, the appeal is from so much of a judgment as adjudges the property to be free of the mortgage. Respondent, Frances Tress, and her husband, Martin B. Tress, were owners of the property in question as tenants by the entirety. On December 16, 1954 the husband recorded a quitclaim deed dated March 23, 1954 purportedly executed by his wife, respondent herein, releasing her interest in the subject property to him. This deed was a forgery. On December 22, 1954 the husband, as apparent sole owner under the forged deed, executed and delivered a second mortgage — the mortgage involved here — to appellant to secure the payment of a loan. The mortgage was recorded on December 24, 1954. On May 13, 1955, when the respondent and her husband were arranging for a separation, respondent signed a paper under a notarial seal, which as far as material reads: " I Frances Tress herewith agree that I gave my husband Martin B Tress a quitclaim deed for our property at Sands Point Road, Sands Point New York and was also in full agreement and fully aware of a second mortgage placed on the above property * * * during December, 1954, and the deed mentioned above was filed in 1954. [signed] Frances Tress ". In consideration for the above, the husband by bargain and sale deed dated May 12, 1955 conveyed the property to respondent, who then became the sole owner thereof. Respondent recorded the deed on May 13, 1955. As the result of a default in the payment of an installment of principal and interest due July 1, 1955 appellant commenced the instant action, serving respondent on November 21, 1955. Respondent in her answer dated December 9, 1955 alleged usury as her sole defense. In April, 1956 respondent served an amended answer alleging that the deed recorded on December 16, 1954, purportedly conveying her interest in the property to her husband, was a forgery. The husband, in the meantime, had departed from the jurisdiction and, because of illness, was not available at the trial, although at the end of the trial his whereabouts were disclosed and he became available for a deposition. Respondent, however, refused to consent to adjourn the trial for that purpose. At the trial respondent admitted knowing the contents of the above-quoted exhibit at the time she signed it. The court found in favor of respondent, on the ground that while a person may be equitably estopped from denying the validity of a forged mortgage by acts indicating ratification or the reaping of a benefit therefrom, silence alone does not constitute ratification. Judgment modified on the law and facts by providing that the lien of appellant's mortgage be extended to the interest of respond-

ent in the property. As so modified, judgment, insofar as appealed from, unanimously affirmed, with costs to appellant. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion respondent ratified the mortgage by accepting and recording the deed from her husband with full knowledge of all the facts. Furthermore, the interposition of the defense of usury in the original answer; the abandonment of that defense and the interposition of the defense of forgery in the amended answer four months later, the payment by appellant of the monthly installments on the first mortgage to prevent foreclosure thereof, prior to the amendment of the answer, resulted in prejudice to appellant. Under these circumstances, despite appellant's failure to specifically plead the estoppel, respondent is nevertheless estopped from denying the validity of the mortgage. (*Rothschild* v. *Title Guar. & Trust Co.*, 204 N. Y. 458.) Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ.