■ GORDON MARSHALL et al., Appellants, v BRUCE C. STARK et al., Respondents, et al., Defendants. [714 NYS2d 133] —In an action, *inter alia*, to recover damages for fraud, breach of fiduciary duty, and breach of contract, the plaintiffs appeal (1) from a decision of the Supreme Court, Westchester County (Coppola, J.), entered February 10, 1998, (2) from a judgment of the same court, entered July 30, 1998, which, upon the denial of their motion for summary judgment on the cause of action asserted by Gordon Marshall individually for an accounting and upon the granting of that branch of the cross motion of the defendants Bruce C. Stark, Xanadu Properties Associates, and Residential Community, Inc., f/k/a Stark Development Corp. for summary judgment dismissing the cause of action asserted on behalf of Gordon Marshall individually for an accounting, is in favor of those defendants and

against Gordon Marshall individually dismissing that cause of action, and (3), as limited by their brief, from so much of an order of the same court entered June 22, 1999, as denied that branch of their motion which was for leave to renew and, upon granting that branch of their motion which was for reargument, adhered to the prior determination.

Ordered that the appeals by the plaintiff Marshall Organization, Ltd., from the judgment and the order are dismissed, as that plaintiff is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the appeal by Gordon Marshall from the judgment is dismissed, as the judgment was superseded by so much of the order entered June 22, 1999, as was made upon reargument; and it is further,

Ordered that the order entered June 22, 1999, is affirmed insofar as appealed from by Gordon Marshall; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff Gordon Marshall (hereinafter Marshall), and the defendant Stark Development Corp., among others, entered into a partnership agreement in 1982 to develop luxury condominiums on David's Island, located in Long Island Sound and owned by the City of New Rochelle. The partnership was named Xanadu Properties Associates (hereinafter Xanadu). In 1985 Xanadu and the City of New Rochelle signed a Land Disposition and Development Agreement (hereinafter LDDA) regarding the proposed development. The LDDA was to expire on March 15, 1992. After Marshall accused Bruce C. Stark (hereinafter Stark), the principal of Stark Development Corp., of failing to properly discharge his obligations under the partnership agreement, the parties entered into a settlement agreement on October 9, 1991. According to the settlement agreement, Stark, among other things, personally guaranteed payment to Marshall of $525,000 in legal fees for work Marshall performed on behalf of Xanadu, and the parties released each other from all claims relating to "the project", i.e., the David's Island development, and the underlying partnership agreement.

Xanadu invested more than $19 million in planning and acquiring the appropriate governmental approvals for the project. In March 1992 the City of New Rochelle declined to grant an extension of the LDDA, and the undertaking foundered.

In March 1993 Marshall sued Stark on his personal guarantee in Federal court seeking to recover $194,024.29, representing the balance of the $525,000 he was due under the 1991 settlement agreement. In April 1993 Stark executed a stipulation to settle the Federal action agreeing to pay Marshall the sum of $178,055.39 in two equal installments. It is undisputed that the money was paid by June 1993.

Marshall and the Marshall Organization, Ltd. (hereinafter collectively the plaintiffs), then commenced this action against, among others, Stark, in the Supreme Court, Westchester County, alleging, *inter alia*, fraud and, seeking an accounting. All of the plaintiffs' causes of action except the cause of action for an accounting asserted on behalf of Marshall individually, were dismissed. Discovery was conducted on that cause of action and, thereafter, the plaintiffs moved and the remaining defendants, Stark, Xanadu, and Residential Community, Inc., f/k/a Stark Development Corp. (hereinafter collectively the respondents), cross-moved for summary judgment on that cause of action. The court granted the respondents' motion, denied the plaintiffs' motion, and dismissed the complaint in its entirety. We now affirm.

The Supreme Court properly found that by asserting his rights under the October 9, 1991, settlement agreement in the Federal action, Marshall waived his claim for an accounting (*see, Mosberg v National Prop. Analyst,* 217 AD2d 482, 483; *Mergler v Crystal Props. Assocs.,* 179 AD2d 177, 178).

Furthermore, Marshall may not maintain this action on the ground that he was fraudulently induced to sign the October 1991 settlement agreement. Marshall averred that he first learned in March 1993 that an agent of Stark had sabotaged a possible extension of the LDDA. However, it was in March 1993 that Marshall commenced the action against Stark in Federal court to enforce the terms of the October 1991 settlement agreement. The Federal action was settled in April 1993, and the entire settlement sum was paid to Marshall by June 1993. Accordingly, Marshall is estopped from asserting that the agreement which he enforced with knowledge of the alleged fraud was fraudulently induced (*see, Rothschild v Title Guar. & Trust Co.,* 204 NY 458; *De Tata v Tress,* 4 AD2d 748).

Marshall's remaining contentions are either without merit or need not be reached in light of our determination. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.