■ JUDITH WHITE et al., Respondents, v DAIMLER CHRYSLER CORPORATION et al., Defendants, and WILFREDO CORTEZ et al., Appellants. [843 NYS2d 168]—

In an action to recover damages for personal injuries, etc., the defendants Wilfredo Cortez and Wilfredo Cortez, doing business as Fred Flat Fix appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated October 20, 2006, which denied their motion to vacate their default in answering the complaint.

Ordered that the order is affirmed, with costs.

In order to vacate their default in answering the complaint, the appellants were required to demonstrate a reasonable excuse for their failure to serve an answer, and a meritorious defense (*see* CPLR 5015 [a] [1]; *Forward Door of N.Y., Inc. v Forlader,* 41 AD3d 535 [2007]; *Piton v Cribb,* 38 AD3d 741 [2007]; *Fekete v Camp Skwere,* 16 AD3d 544, 545 [2005]). Although a court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse (*see Matter of ELRAC, Inc. v Holder,* 31 AD3d 636 [2006]; *Matter of Denton v City of Mount Vernon,* 30 AD3d 600 [2006]; *McClaren v Bell Atl.,* 30 AD3d 569 [2006]; *Solomon v Ramlall,* 18 AD3d 461 [2005]). Here, the appellants' uncorroborated and inadequately-explained excuse for failing to answer

did not constitute a reasonable excuse. In fact, the record supports the conclusion that the appellants purposely embarked upon a course of "willful default and neglect" (*Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Kolajo v City of New York*, 248 AD2d 512 [1998]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). Moreover, the appellants' claim that their attorney apparently made an erroneous assumption regarding the need to answer the complaint does not constitute a valid excuse (*see Everything Yogurt v Toscano*, 232 AD2d 604 [1996]; *Awad v Severino*, 122 AD2d 242 [1986]; *see also Rodriguez v Ng*, 23 AD3d 450 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the motion. Spolzino, J.P., Santucci, Dillon and Angiolillo, JJ., concur.