■ THOMAS P. CASHEL, Plaintiff, v FRANCINE CASHEL, Defendant. (Action No. 1.) THOMAS P. CASHEL, Respondent, v FRANCINE CASHEL et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., Appellants. (Action No. 2.) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant, v FRANCINE PARZIALE CASHEL et al., Respondents. (Action No. 3.) [887 NYS2d 111]—

In three related actions, inter alia, for a divorce and ancillary relief (action No. 1), to set aside a deed on the basis of fraud (action No. 2), and to foreclose a mortgage (action No. 3), which were joined for trial, Mortgage Electronic Registration Systems, Inc., a defendant in action No. 2 and the plaintiff in action No. 3, and Fremont Investment & Loan, a defendant in action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Crecca, J.), dated April 28, 2008, as denied those branches of their motion which were for summary judgment dismissing the first cause of action in action No. 2 insofar as asserted against them, to strike the answer and defenses of the defendants in action No. 3, for summary judgment on the complaint in action No. 3, or alternatively, to direct the defendant Thomas P. Cashel to satisfy the subject mortgage should he prevail on his claims in action No. 3, and to appoint a referee to compute the amount due on the subject note and mortgage and to ascertain whether the premises should be sold as one parcel in action No. 3.

Ordered that the appeal from so much of the order as denied those branches of the appellants' motion which were to strike the answer and defenses of the defendants in action No. 3, for summary judgment on the complaint in action No. 3, or alternatively, to direct the defendant Thomas P. Cashel to satisfy the subject mortgage should he prevail on his claims in action

No. 3, to appoint a referee to compute the amount due on the subject note and mortgage and to ascertain whether the premises should be sold as one parcel in action No. 3, is dismissed as academic; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion which was for summary judgment dismissing the first cause of action in action No. 2 insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, with costs to the appellants.

Action No. 1 is an action for divorce and ancillary relief, commenced by Thomas P. Cashel (hereinafter Thomas) against Francine Cashel (hereinafter Francine), and is not a subject of this appeal. Action No. 2 involves property located in Ronkonkoma (hereinafter the Ronkonkoma property). In November 2001 Thomas acquired title to the property. In June 2002 a deed was executed transferring title to the property to Francine. The same day, Francine executed a mortgage on the property in favor of Flagstar Bank and turned over most of the proceeds from the mortgage to Thomas. Thomas claims that in June 2004, while preparing to file for divorce, he discovered that Francine forged his name on a deed which transferred title to the Ronkonkoma property from him to her. He filed a notice of pendency on the property in August 2004. Shortly thereafter, Francine executed a mortgage on the Ronkonkoma property in favor of Fremont Investment & Loan (hereinafter Fremont).

In action No. 2, Thomas sought, inter alia, in the first cause of action, to have the deed to the Ronkonkoma property set aside as a forgery and to cancel all mortgages given on the Ronkonkoma property on or after June 6, 2002.

The appellants Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) and Fremont, moved, inter alia, for summary judgment dismissing the first cause of action in action No. 2 insofar as asserted against them, arguing that, by accepting proceeds from the Flagstar Bank mortgage loan, Thomas ratified the forgery and, therefore, the deed should not be set aside.

Ratification may be implied when "the principal retains the benefit of an unauthorized transaction with knowledge of the material facts" (*Standard Funding Corp. v Lewitt*, 89 NY2d 546, 552 [1997]; *see Della Rocco v City of Schenectady*, 278 AD2d 628 [2000]; *Banque Nationale de Paris v 1567 Broadway Ownership Assoc.*, 214 AD2d 359 [1995]; *De Tata v Tress*, 4 AD2d 748 [1957]).

Here, MERS and Fremont met their prima facie burden of establishing their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by demonstrating that Thomas had knowledge of the material circumstances surrounding the alleged forgery such that he ratified the deed. Thomas admitted that he retained the benefits of the Flagstar Bank mortgage loan and also admitted his awareness that these benefits came from the proceeds of the mortgage loan, and thereby failed to raise a triable issue of fact in opposition to the motion. Thus, the Supreme Court should have granted that branch of the motion of MERS and Fremont which was for summary judgment dismissing the first cause of action in action No. 2 insofar as asserted against them.

In view of a subsequent order of the Supreme Court, Suffolk County, dated April 17, 2009, granting those branches of the appellants' renewed motion in action No. 3 which were to strike the defendants' answer and defenses, for summary judgment on the complaint, to appoint a referee to compute the amount due on the subject note and mortgage and to ascertain whether the premises should be sold as one parcel, we dismiss, as academic, the appeal from so much of the order dated April 28, 2008, as denied those branches of the appellants' motion. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.