*977 The defendant Kal-Pak Realty, LLC (hereinafter Kal-Pak), is the owner of record of the subject commercial real property, which is located in Queens. The property was at one time owned by William Kalpakis (hereinafter William) and George Kalpakis (hereinafter George) as tenants-in-common. Following George’s death in 1995, his interest in the property passed by operation of law to his four children, Lythia A. Rousseas, Barbara M. Kalpakis (hereinafter Barbara), Mark G. Kalpakis (hereinafter Mark), and the defendant James G. Kalpakis (hereinafter James). In 2004, a deed bearing the signatures of William and George was executed, purportedly conveying the property to Kal-Pak. Thereafter, Kal-Pak allegedly gave several mortgages on the property to secure various loans and, in 2006, entered into a consolidation, modification, and extension agreement with the plaintiff Millennium BCPBank, N.A., formerly known as BCPBank, N.A. (hereinafter Millennium), consolidating the mortgages into one mortgage securing the repayment of the principal loan amount of $535,000. All of the mortgages were signed by James, as managing member of Kal-Pak. In April 2010, Kal-Pak defaulted on the loan. In August 2010, Millennium commenced this action to foreclose on the consolidated mortgage.
Prior to the completion of discovery, Kal-Pak moved for summary judgment dismissing the complaint insofar as asserted against it and for judgment on its counterclaims seeking to cancel all the mortgages and declaring the mortgages void. In support of its motion, Kal-Pak submitted the affidavit of Rousseas, who attested that her father George’s signature on the deed was forged, that the forgery was apparently committed by her brother James, who, following George’s death, had represented to her that he would undertake proper legal arrangements regarding George’s property, and would administer the *978 estate and the property. Rousseas further asserted that she, her sister Barbara, and her brother Mark (hereinafter collectively the siblings) only became aware of the forgery and the mortgages in the autumn of 2009. Rousseas further stated that, upon being confronted with the forged deed, James agreed to transfer his interest in Kal-Pak to the siblings and promised to continue servicing the consolidated loan. In September 2009, James executed an assignment of his 50% membership interest in Kal-Pak to the siblings.
Millennium cross-moved for summary judgment dismissing Kal-Pak’s two counterclaims, as well as Kal-Pak’s third affirmative defense, which alleged that the forged deed is void. Millennium argued that Kal-Pak is estopped from disaffirming title to the property due to the repeated representations made in the mortgages as to the validity of the title, and that Kal-Pak, through the siblings, ratified James’s acts.
The Supreme Court denied both the motion and the cross motion.
The submission of George’s death certificate demonstrated that his signature on the deed was a forgery, and established Kal-Pak’s prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In opposition, Millennium raised a triable issue of fact as to “whether the deed was subject to ratification” (Cashel v Cashel, 94 AD3d 684, 687 [2012]), and whether the siblings ratified James’s acts by accepting his ownership interest in Kal-Pak and agreeing to have James make partial payments towards the satisfaction of the consolidated loan (see De Tata v Tress, 4 AD2d 748 [1957]; see also Rothschild v Title Guar. & Trust Co., 204 NY 458 [1912]).
Contrary to Millennium’s contention, the Supreme Court properly denied its cross motion, which was based on the theory of ratification. To the extent that Millennium established, prima facie, that the siblings ratified James’s acts and accepted the benefits of acquiring an ownership interest in Kal-Pak, Rousseas raised a triable issue of fact as to whether Kal-Pak retained the benefit of James’s unauthorized transaction with knowledge of the underlying material facts, specifically asserting that Kal-Pak did not actually retain any of the disputed funds, but was a mere conduit through which James and other wrongdoers unlawfully obtained those funds (see 39 Coll. Point Corp. v Transpac Capital Corp., 12 AD3d 664 [2004]; Hewett v Marine Midland Bank of Southeastern N.Y., 86 AD2d 263 [1982]).
Millennium’s contention that it was entitled to partial fore *979 closure is raised for the first time on appeal and, therefore, is not properly before this Court.
The parties’ remaining contentions are without merit. Eng, EJ., Rivera, Hall and Sgroi, JJ., concur.