■ SDF8 CBK, LLC, Respondent, v 689 St. Marks Avenue, Inc., et al., Appellants, et al., Defendants. [16 NYS3d 463]—In an action to foreclose a mortgage, the defendants 689 St. Marks Avenue, Inc., and Frank Morris appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated November 29, 2011, as denied that branch of their motion which was pursuant to CPLR 5015 to vacate the default of the defendant 689 St. Marks Avenue, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see* CPLR 3012 [d]; 5015 [a] [1]; *Chase Home Fin., LLC v*

*Minott*, 115 AD3d 634 [2014]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784, 785 [2011]; *Taddeo-Amendola v 970 Assets, LLC*, 72 AD3d 677 [2010]; *Perfect Care, Inc. v Ultracare Supplies, Inc.*, 71 AD3d 752, 753 [2010]). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (*Perfect Care, Inc. v Ultracare Supplies, Inc.*, 71 AD3d at 753; *see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]). We agree with the Supreme Court's determination that the defendants failed to demonstrate a reasonable excuse for the default of the defendant 689 St. Marks Avenue Inc. (hereinafter SMA).

Since the defendants failed to demonstrate a reasonable excuse for SMA's default, the Supreme Court properly denied that branch of the subject motion which was to vacate the default, and this Court need not consider whether they proffered a potentially meritorious defense to the action (*see Blythe v BJ's Wholesale Club, Inc.*, 123 AD3d 1073, 1074 [2014]; *JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d 1048, 1049 [2014]; *Selechnik v Law Off. of Howard R. Birnbach*, 120 AD3d 1220 [2014]). Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.