■ U.S. Bank National Association, as Trustee for Credit Suisse First Boston MBS 2004-AR7, Appellant, v Michelle Wolnerman et al., Respondents, et al., Defendants. [24 NYS3d 343]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated August 28, 2014, as denied those branches of its motion which were for leave to enter judgment against the defendants, upon their failure to appear or answer the complaint, and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for leave to enter judgment against the defendants, upon their failure to appear or answer the complaint, and for an order of reference are granted.

The Supreme Court erred in denying those branches of the plaintiff's motion which were for leave to enter judgment against the defendants, upon their failure to appear or answer the complaint, and for an order of reference. " 'An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's

failure to answer or appear' " (*US Bank N.A. v Dorestant*, 131 AD3d 467, 469 [2015], quoting *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *see* CPLR 3215 [f]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 843 [2015]; *U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]). Here, in support of its motion, the plaintiff satisfied these requirements (*see U.S. Bank, N.A. v Razon*, 115 AD3d at 740).

"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *see US Bank N.A. v Dorestant*, 131 AD3d at 470; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]). In opposition to the plaintiff's motion, the defendants Michelle Wolnerman and Jason Fried failed to demonstrate that they did not default, or that they had a reasonable excuse for their default.

To the extent that the Supreme Court found, in effect, that the plaintiff failed to timely move for leave to enter judgment, such determination was error (*see generally* CPLR 3215 [c]; *US Bank N.A. v Dorestant*, 131 AD3d at 469; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838 [2015]).

In addition, the Supreme Court should have granted that branch of the plaintiff's motion which was for an order of reference (*see* RPAPL 1321; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2012]).

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to enter judgment against the defendants, upon their failure to appear or answer the complaint, and for an order of reference. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.