■ Bank of New York Mellon, for the Certificateholders Alternative Loan Trust 2007-11T1 Mortgage Pass-Through Certificate, Series 2007-11T1, Respondent, v Donald Colucci, Appellant, et al., Defendant. [30 NYS3d 667]—

In an action to foreclose a mortgage, the defendant Donald Colucci appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated September 12, 2012, which denied his motion, inter alia, for leave to interpose a late answer.

Ordered that the order is affirmed, with costs.

"To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (*Mannino Dev., Inc. v Linares*, 117 AD3d 995, 995 [2014]; *see* CPLR 3012 [d]; 5015 [a] [1]; *U.S. Bank N.A. v Sachdev*, 128 AD3d 807 [2015]; *One W. Bank, FSB v Valdez*, 128 AD3d 655 [2015]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d 890, 890 [2010]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (*BAC Home Loans Servicing, LP v Reardon*, 132 AD3d 790, 791 [2015]; *see U.S. Bank N.A. v Sachdev*, 128 AD3d at 807-808; *One W. Bank, FSB v Valdez*, 128 AD3d at 655; *Maspeth Fed. Sav. & Loan Assn. v McGown*, 77 AD3d at 890). Although a court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005), "a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (*White v Daimler Chrysler Corp.*, 44 AD3d 651, 651 [2007]; *see People's United Bank v Latini Tuxedo Mgt., LLC*, 95 AD3d 1285, 1286 [2012]; *Ogunmoyin v 1515 Broadway Fee Owner, LLC*, 85 AD3d 991, 992 [2011]; *Matter of ELRAC, Inc. v Holder*, 31 AD3d 636, 637 [2006]).

Here, the Supreme Court providently exercised its discretion in rejecting the unsubstantiated explanation of the defendant

Donald Colucci (hereinafter the defendant) that lawyers he consulted, but apparently did not retain, had advised him not to answer the complaint. A defendant's claim that his attorney "apparently made an erroneous assumption regarding the need to answer the complaint does not constitute a valid excuse" (*White v Daimler Chrysler Corp.*, 44 AD3d at 652; *see Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116, 119 [2015]; *Everything Yogurt v Toscano*, 232 AD2d 604, 606 [1996]). At most, the advice, and the defendant's decision to follow it, constituted a "misguided strategy," not law office failure (*OCE Bus. Sys. v Sopher & Co.*, 186 AD2d 464, 464 [1992]). A second excuse, based on a purported change in law, raised for the first time on appeal, is not properly before this Court (*see Millennium BCPBank, N.A. v Kal-Pak Realty, LLC*, 99 AD3d 976, 978-979 [2012]).

Since the defendant failed to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious defense to the action (*see Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman*, 131 AD3d 1140, 1141 [2015]; *SDF8 CBK, LLC v 689 St. Marks Ave., Inc.*, 131 AD3d 1037, 1038 [2015]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

The defendant's remaining contentions are without merit. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.