In an action to foreclose a mortgage, the defendant Donald Colucci appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated September 12, 2012, which denied his motion, inter alia, for leave to interpose a late answer.
Ordered that the order is affirmed, with costs.
“To extend the time to answer the complaint and to compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action” (Mannino Dev., Inc. v Linares, 117 AD3d 995, 995 [2014]; see CPLR 3012 [d]; 5015 [a] [1]; U.S. Bank N.A. v Sachdev, 128 AD3d 807 [2015]; One W. Bank, FSB v Valdez, 128 AD3d 655 [2015]; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648 [2014]; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d 890, 890 [2010]). “The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court” (BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790, 791 [2015]; see U.S. Bank N.A. v Sachdev, 128 AD3d at 807-808; One W. Bank, FSB v Valdez, 128 AD3d at 655; Maspeth Fed. Sav. & Loan Assn. v McGown, 77 AD3d at 890). Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), “a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse” (White v Daimler Chrysler Corp., 44 AD3d 651, 651 [2007]; see People’s United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2012]; Ogunmoyin v 1515 Broadway Fee Owner, LLC, 85 AD3d 991, 992 [2011]; Matter of ELRAC, Inc. v Holder, 31 AD3d 636, 637 [2006]).
Here, the Supreme Court providently exercised its discretion in rejecting the unsubstantiated explanation of the defendant *1048 Donald Colucci (hereinafter the defendant) that lawyers he consulted, but apparently did not retain, had advised him not to answer the complaint. A defendant’s claim that his attorney “apparently made an erroneous assumption regarding the need to answer the complaint does not constitute a valid excuse” (White v Daimler Chrysler Corp., 44 AD3d at 652; see Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 119 [2015]; Everything Yogurt v Toscano, 232 AD2d 604, 606 [1996]). At most, the advice, and the defendant’s decision to follow it, constituted a “misguided strategy,” not law office failure (OCE Bus. Sys. v Sopher & Co., 186 AD2d 464, 464 [1992]). A second excuse, based on a purported change in law, raised for the first time on appeal, is not properly before this Court (see Millennium BCPBank, N.A. v Kal-Pak Realty, LLC, 99 AD3d 976, 978-979 [2012]).
Since the defendant failed to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious defense to the action (see Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman, 131 AD3d 1140, 1141 [2015]; SDF8 CBK, LLC v 689 St. Marks Ave., Inc., 131 AD3d 1037, 1038 [2015]; HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790 [2011]).
The defendant’s remaining contentions are without merit.
Rivera, J.R, Miller, Hinds-Radix and LaSalle, JJ., concur.