■ CITIMORTGAGE, INC., Appellant, v DWIGHT NOEL et al., Defendants. [42 NYS3d 863]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated June 11, 2015, which denied its unopposed motion, inter alia, for leave to enter a default judgment against the defendants Dwight Noel and Stephanie Denis Noel, upon their failure to appear or answer the complaint, and for an order of reference.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants

Dwight Noel and Stephanie Denis Noel, upon their failure to appear or answer the complaint, and for an order of reference, is granted.

The Supreme Court erred in denying the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendants Dwight Noel and Stephanie Denis Noel (hereinafter together the defendants), upon their failure to appear or answer the complaint, and for an order of reference. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *see* CPLR 3215 [f]; *U.S. Bank N.A. v Wolnerman*, 135 AD3d 850, 851 [2016]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 843 [2015]). Here, in support of its motion, the plaintiff satisfied these requirements (*see U.S. Bank, N.A. v Razon*, 115 AD3d at 740).

It was improper for the Supreme Court to deny the plaintiff's motion on the basis of lack of standing, since the defendants waived that defense by failing to answer the complaint or move pre-answer to dismiss the complaint on that ground (*see Onewest Bank, FSB v Fernandez*, 112 AD3d 681, 682 [2013]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]).

In addition, the Supreme Court should have granted that branch of the plaintiff's motion which was for an order of reference (*see* RPAPL 1321; *U.S. Bank N.A. v Wolnerman*, 135 AD3d at 851; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]).

Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, and for an order of reference. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.