■ HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-8, Respondent, v LARINZO CLAYTON, Also Known as LARINZO D. CLAYTON, Appellant, et al., Defendants. [45 NYS3d 543]—

In an action to foreclose a mortgage, the defendant Larinzo Clayton, also known as Larinzo D. Clayton, appeals, as limited by his brief, from so much of a judgment of foreclosure and sale of the Supreme Court, Nassau County (Adams, J.), entered February 4, 2016, as, upon so much of an order of the same court entered May 9, 2014, as granted that branch of the plaintiff's motion which was for an order of reference and for leave to enter a default judgment against him upon his failure to appear or answer the complaint, and upon an order of the same court dated February 2, 2016, granting the plaintiff's motion to confirm a referee's report and for a default judgment of foreclosure and sale, and denying his cross motion, in effect, to vacate his default in appearing or answering the complaint, to reject the referee's report, and to dismiss the complaint insofar as asserted against him, is in favor of the plaintiff and against him, among other things, directing the sale of the subject premises.

Ordered that the judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.

The plaintiff, HSBC Bank USA, National Association, commenced this action to foreclose a mortgage against the defendant Larinzo Clayton, also known as Larinzo D. Clayton (hereinafter the defendant), among others. Upon the defendant's failure to appear in the action or answer the complaint, and his failure to appear for a court-supervised settlement conference, the plaintiff moved for an order of reference and for leave to enter a default judgment. The defendant opposed the motion. By order entered May 9, 2014, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to compute the amount due and owing under the loan. In August 2015, the plaintiff moved to confirm the referee's report and for a default judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, in effect, to vacate his default in appearing or answering the complaint, to reject the referee's report, and to dismiss the complaint insofar as asserted against him for failure to comply with RPAPL 1304 and Administrative Orders AO548/10 and AO431/11 of the Chief Administrative Judge of the Courts. By order dated February 2, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. A judgment of foreclosure and sale was entered on February 4, 2016. The defendant appeals from the judgment of foreclosure and sale, arguing, inter alia, that the plaintiff failed to comply with the pre-foreclosure notice requirements set forth in RPAPL 1304 and the attorney affirmation requirements set forth in

Administrative Orders AO548/10 and AO431/11 of the Chief Administrative Judge of the Courts.

The Supreme Court properly granted the plaintiff's motions for an order of reference, to confirm the referee's report, and for a judgment of foreclosure and sale. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *see* CPLR 3215 [f]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 843 [2015]). Here, the plaintiff satisfied these requirements (*see U.S. Bank N.A. v Wolnerman*, 135 AD3d 850, 851 [2016]; *Deutsche Bank Natl. Trust Co. v Otano*, 129 AD3d 770, 770 [2015]; *U.S. Bank N.A. v Hasan*, 126 AD3d 683 [2015]). Similarly, the plaintiff established its entitlement to an order of reference (*see* RPAPL 1321; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]).

"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*US Bank N.A. v Dorestant*, 131 AD3d 467, 470 [2015] [internal quotation marks omitted]; *see U.S. Bank N.A. v Wolnerman*, 135 AD3d at 851; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). Here, the defendant failed to allege that he did not default or that he had a reasonable excuse for his default (*see US Bank N.A. v Dorestant*, 131 AD3d at 470). Inasmuch as the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious defense to the action (*see U.S. Bank N.A. v Ahmed*, 137 AD3d 1106, 1109 [2016]; *SDF8 CBK, LLC v 689 St. Marks Ave., Inc.*, 131 AD3d 1037, 1038 [2015]), including the plaintiff's purported failure to comply with RPAPL 1304 (*see PHH Mtge. Corp. v Celestin*, 130 AD3d 703, 704 [2015]).

Contrary to the defendant's contention, the plaintiff demonstrated sufficient cause for its failure to seek a default judgment against him within one year of his default (*see* CPLR 3215 [c]; *LNV Corp. v Forbes*, 122 AD3d 805, 806 [2014]).

The defendant's remaining contentions, including his contention that the plaintiff failed to comply with Administrative Orders AO548/10 and AO431/11 of the Chief Administrative Judge of the Courts, are without merit. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.