Deutsche Bank Natl. Trust Co. v Silverman (2019 NY Slip Op 08990)





Deutsche Bank Natl. Trust Co. v Silverman


2019 NY Slip Op 08990


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-05091
 (Index No. 512112/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Warren Silverman, appellant, et al., defendants.


Law Office of Maggio & Meyer PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Woods Oviatt Gilman LLP (Hogan Lovells US LLP, New York, NY [Sean Morotta, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Warren Silverman appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated December 5, 2016. The judgment of foreclosure and sale, upon an order of the same court also dated December 5, 2016, inter alia, granting the plaintiff's motion for a judgment of foreclosure and sale, confirmed a referee's report and directed a foreclosure and sale of the subject property. The notice of appeal from the order is deemed a notice of appeal from the judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In December 2014, the plaintiff commenced this action against Warren Silverman (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn. The defendant did not answer the complaint, only appearing in the matter by his counsel's filing of a notice of appearance in July 2015. The plaintiff thereafter moved for an order of reference. The defendant opposed the motion.
By order dated April 4, 2016, the Supreme Court, construing the motion as one for leave to enter a default judgment and for an order of reference, granted the motion, finding that the plaintiff had met its initial burden pursuant to CPLR 3215, and noting that the defendant had failed to meet his burden, having offered no excuse for his default. In July 2016, the defendant moved for leave to reargue his opposition to the plaintiff's motion. The plaintiff opposed the motion and moved for a judgment of foreclosure and sale. The court denied the defendant's motion for leave to reargue, granted the plaintiff's motion for a judgment of foreclosure and sale, and entered judgment.
An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; U.S. Bank Trust, N.A. v Green, 173 AD3d 1111, 1112; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). "[A]n affidavit [*2]submitted in support of a motion pursuant to CPLR 3215 need only allege enough facts to enable a court to determine that a viable cause of action exists'" (Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804, 806, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112). "Indeed, defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d at 71; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). "Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party" (HSBC Bank USA, N.A. v Cooper, 157 AD3d 775, 776 [emphasis and internal quotation marks omitted]; see HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736).
In support of its motion, the plaintiff proffered, inter alia, a copy of the summons and complaint, proof of service of process upon the defendant in the form of an affidavit of service by personal service, and the note and mortgage. The plaintiff's submissions also included an affidavit of merit sworn to by Stacey Daniels, employed by Wells Fargo Bank, N.A. (hereinafter Wells Fargo) as Vice President of Loan Documentation, in which she stated the following: that she had reviewed Wells Fargo's business records maintained for the purpose of servicing mortgage loans; that she was familiar with such business records in the regular performance of her job functions; and that based upon that review and her personal knowledge, the loan had been in default since March 1, 2010, and the amount due was $1,105,250.41. Also annexed to the plaintiff's motion were copies of a limited power of attorney, appointing Wells Fargo, "by and through the Servicer's officers, [the plaintiff's] true and lawful Attorney-in-Fact." The plaintiff also submitted an excerpt of the pooling and servicing agreement that authorized Wells Fargo to service the mortgage loan, with the plaintiff as designated trustee of the original lender, effective January 1, 2007.
"[T]he affidavit of merit from a representative of the plaintiff's servicing agent, accompanied by a power of attorney demonstrating the authority of the agent to act on behalf of the plaintiff, in which the representative averred that she had acquired personal knowledge of the matters discussed in her affidavit by reviewing the loan servicer's business records, was competent evidence to establish the plaintiff's entitlement to a default judgment against [the defendant] and [for] an order of reference" (US Bank N. A. v Louis, 148 AD3d 758, 758-759). Thus, contrary to the defendant's contention, the record was not devoid of evidence of Daniels's authority to execute the affidavit on behalf of the plaintiff. The pool and servicing agreement constituted evidence that the plaintiff employed the loan servicer at the time the defendant defaulted on his mortgage payments. Daniels, an employee of the loan servicer, could attest to familiarity and knowledge of the record keeping practices of the servicer at that time.
"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (US Bank N.A. v Dorestant, 131 AD3d 467, 470 [internal quotation marks omitted]; see U.S. Bank N.A. v Wolnerman, 135 AD3d 850, 851; Fried v Jacob Holding, Inc., 110 AD3d 56, 60). Here, the defendant failed to allege that he did not default or that he had a reasonable excuse for his default. Inasmuch as the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious defense to the action (see U.S. Bank N.A. v Ahmed, 137 AD3d 1106, 1109; SDF8 CBK, LLC v 689 St. Marks Ave., Inc., 131 AD3d 1037, 1038), including the plaintiff's purported failure to provide notice of default in accordance with the terms of the mortgage, and its purported failure to comply with RPAPL 1304 and 1306 (see HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704). Moreover, the plaintiff was not required to demonstrate its compliance with RPAPL 1304 in order to obtain a default judgment, "since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was never raised by the borrower[ ], who failed to . . . answer the complaint" (U.S. Bank Trust, N.A. v Green, 173 AD3d at 1112; see Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for a judgment of foreclosure and sale.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court