Nowakowski v Stages (2020 NY Slip Op 00288)





Nowakowski v Stages


2020 NY Slip Op 00288


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-07069
 (Index No. 3916/16)

[*1]Robert E. Nowakowski, appellant,
v
Broadway Stages, et al., defendants, John Combs, respondent.


Robert E. Nowakowski, Brooklyn, NY, appellant pro se.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY (Steven DiSiervi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 26, 2018. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendant John Combs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants by filing a summons with notice on May 12, 2016. The three defendants were purportedly all served on September 9, 2016. The defendants Broadway Stages and Marvel Comics appeared in the action, while the defendant John Combs, an employee of Broadway Stages, did not.
By notice of motion dated September 28, 2017, the plaintiff moved for leave to enter a default judgment against Combs. Upon receipt of this motion, Combs filed a pro se affidavit in opposition, arguing, among other things, that he had never received any documents from the plaintiff other than the subject motion papers, which he received seven days before the return date of the motion. Subsequently, counsel for Broadway Stages and Marvel Comics appeared on Combs's behalf and filed opposition to the plaintiff's motion. Combs then cross-moved, inter alia, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court, inter alia, denied the plaintiff's motion for leave to enter a default judgment against Combs and denied Combs's cross motion to dismiss the complaint insofar as asserted against him. The plaintiff appeals from so much of the order as denied his motion for leave to enter a default judgment against Combs.
" An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear'" (Citimortgage, Inc. v Noel, 145 AD3d 957, 958, quoting U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see U.S. Bank N.A. v Wolnerman, 135 AD3d 850, 851; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). "To successfully oppose a facially [*2]adequate motion for leave to enter a default judgment . . . on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027; see Sharestates Inv., LLC v Hercules, 166 AD3d 700, 701; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690). "Whether a proffered excuse is reasonable' is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Fried v Jacob Holding, Inc., 110 AD3d at 60, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Yuxi Li v Caruso, 161 AD3d 1132, 1134). "The determination of what constitutes a reasonable excuse lies within the discretion of the [motion] court" (Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163).
Here, given the totality of all relevant factors, including evidence that Combs's delay was not willful, the lack of prejudice to the plaintiff resulting from the delay, the existence of a potentially meritorious defense, and the strong public policy favoring the resolution of cases on the merits, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to enter a default judgment against Combs (see Corvera v Prime Source Dev., LLC, 172 AD3d at 1162; Yuxi Li v Caruso, 161 AD3d at 1134).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for leave to enter a default judgment against Combs.
AUSTIN, J.P., LEVENTHAL, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court