Nowakowski v Broadway Stages (2020 NY Slip Op 00289)





Nowakowski v Broadway Stages


2020 NY Slip Op 00289


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-14192
 (Index No. 2101/17)

[*1]Robert E. Nowakowski, appellant, 
v
Broadway Stages, et al., respondents, et al., defendant.


Robert E. Nowakowski, Brooklyn, NY, appellant pro se.
Abrams, Gorelick, Friedman & Jacobson, LLP, New York, NY (Steven DiSiervi of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated August 9, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Broadway Stages and John Combs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced an action, inter alia, to recover damages for malicious prosecution against the defendants stemming from an arrest which occurred on February 8, 2015 (hereinafter the first action). Thereafter, on July 14, 2017, the plaintiff filed a summons with notice for the subject action, inter alia, to recover damages for malicious prosecution against the defendants stemming from an arrest which occurred on July 11, 2015 (hereinafter the subject action). The plaintiff purportedly served the defendant Broadway Stages with the summons with notice in the subject action on November 9, 2017, and the defendant John Combs, an employee of Broadway Stages, on November 10, 2017. The defendants appeared in and actively defended themselves in the first action, but did not formally appear in the subject action.
In February 2018, the defendants moved pursuant to CPLR 3211(a) to dismiss the subject action. In June 2018, the plaintiff moved, inter alia, for leave to enter a default judgment against Broadway Stages and Combs in the subject action. The Supreme Court denied both motions. The plaintiff appeals from so much of the order as denied those branches of his motion which were for leave to enter a default judgment against Broadway Stages and Combs.
Contrary to the contention of Broadway Stages and Combs, their motion to dismiss the action did not serve to extend their time to appear, as they did not move before their time to appear had expired (see Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler, 271 AD2d 576, 577).
However, " [a]n applicant for a default judgment against a defendant must submit [*2]proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear'" (Citimortgage, Inc. v Noel, 145 AD3d 957, 958, quoting U.S. Bank, N.A. v Razon, 115 AD3d 739, 740; see U.S. Bank N.A. v Wolnerman, 135 AD3d 850, 851; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). "To successfully oppose a facially adequate motion for leave to enter a default judgment . . . on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027; see Sharestates Inv., LLC v Hercules, 166 AD3d 700, 701; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 690). "Whether a proffered excuse is reasonable' is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Fried v Jacob Holding, Inc., 110 AD3d at 60, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Yuxi Li v Caruso, 161 AD3d 1132, 1134). "The determination of what constitutes a reasonable excuse lies within the discretion of the [motion] court" (Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163).
Here, the plaintiff did not submit adequate proof that he had properly served Broadway Stages with the summons with notice. Consequently, the plaintiff has not met his burden of establishing that Broadway Stages defaulted in appearing in the subject action (see e.g. Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750; Zareef v Lin Wong, 61 AD3d 749).
Further, given the totality of all relevant factors, including evidence that the delay in appearing was not willful; that Combs evidenced an intent to defend himself against the subject action by actively defending himself in the first, nearly identical, action; the lack of prejudice to the plaintiff resulting from Combs's delay in appearing; the fact that the plaintiff waited more than four months after the motion to dismiss was filed to file his own motion for leave to enter a default judgment; the existence of a potentially meritorious defense; and the strong public policy favoring the resolution of cases on the merits, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against Combs (see Corvera v Prime Source Dev., LLC, 172 AD3d at 1162; Yuxi Li v Caruso, 161 AD3d at 1134).
Accordingly, we agree with the Supreme Court's determination to deny those branches of the plaintiff's motion which were for leave to enter a default judgment against Broadway Stages and Combs.
AUSTIN, J.P., LEVENTHAL, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court