BJ Integra Affordable, LLC v Vanmew Hous. Dev. Fund Corp. (2025 NY Slip Op 03035)

BJ Integra Affordable, LLC v Vanmew Hous. Dev. Fund Corp.

2025 NY Slip Op 03035

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-07246
 (Index No. 530561/22)

[*1]BJ Integra Affordable, LLC, appellant, 
v
Vanmew Housing Development Fund Corp., et al., respondents.

Menashe & Lapa LLP, Montebello, NY (Chezki Menashe, David Lapa, and Pallavi Bhavi of counsel), for appellant.
Fritz J. Jean, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract and for specific performance of contracts for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 23, 2023. The order (1) denied the plaintiff's motion for leave to enter a default judgment against the defendant Vanmew Housing Development Fund Corp., (2) denied the plaintiff's separate motion for leave to enter a default judgment against the defendant St. John's Housing Development Fund Corp., and (3) granted the defendants' cross-motion, in effect, pursuant to CPLR 5015(a) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer to the extent of extending the defendants' time to appear and answer to 30 days from the date of entry of the order.
ORDERED that the order is affirmed, with costs.
The plaintiff, as purchaser, entered into a contract of sale dated August 31, 2016, with the defendant Vanmew Housing Development Fund Corp. (hereinafter Vanmew), as seller, and a separate contract of sale, also dated August 31, 2016, with the defendant St. John's Housing Development Fund Corp. (hereinafter St. John's), as seller, for the sale of certain lots located in Brooklyn. The plaintiff's contracts of sale with Vanmew and St. John's were contingent, among other things, upon the plaintiff securing "the necessary amendment or termination of those agreements between SELLER and the City of New York, which presently restrict SELLER'S ability to transfer title to the PREMISES."
On or about June 14, 2022, counsel for Vanmew, St. John's, and the defendant Gregene Housing Development Fund Corp. (hereinafter Gregene) sent the plaintiff time-of-the-essence letters with respect to the contracts of sale for the lots owned by Vanmew and St. John's, giving the plaintiff 60 days to secure a termination of restrictions imposed by the City, which barred transfer of title of the lots owned by Vanmew and St. John's. The time-of-the-essence letters further noted that the plaintiff was previously given notice dated March 10, 2022, that if that condition was not complied with by May 7, 2022, Vanmew and St. John's would set a time-of-the-essence date. When the plaintiff did not comply with the time-of-the-essence letters, Vanmew and St. John's terminated the contracts with the plaintiff.
The plaintiff commenced this action against Vanmew, St. John's, and Gregene to recover damages for breach of contract and for specific performance of the contracts. The defendants were served by delivering copies of the summons and complaint to the Secretary of State on November 8, 2022. The defendants did not receive the copies of the summons and complaint from the Secretary of State until February 2023.
In February 2023, the plaintiff made separate motions for leave to enter a default judgment against Vanmew and against St. John's. The defendants cross-moved, in effect, pursuant to CPLR 5015(a) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer. Val Henry, the defendants' president, submitted an affidavit in support of the defendants' cross-motion, stating that he was also president of Local Development Corporation of Crown Heights, Inc., which was the agent for service of process for the defendants. Henry further stated that, as the agent for service of process, Local Development Corporation of Crown Heights, Inc., received copies of the summons and complaint from the Secretary of State on February 13, 2023, and had no notice of the commencement of the action prior thereto. Henry also stated that "each of the Defendants has a good and meritorious defense to the allegations in the Complaint." In an order dated May 23, 2023, the Supreme Court denied the plaintiff's separate motions and granted the defendants' cross-motion to the extent of extending the defendants' time to appear and answer to 30 days from the date of entry of the order "[i]n light of [the] narrow time sequence." The plaintiff appeals.
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer as timely must show both a reasonable excuse for the default and the existence of a potentially meritorious defense. The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (SDF8 CBK, LLC v 689 St. Marks Ave., Inc., 131 AD3d 1037, 1037-1038 [citations and internal quotation marks omitted]).
Here, service was made by delivering copies of the summons and complaint to the Secretary of State, and evidence in admissible form from Henry's affidavit established that the defendants' default was caused by the Secretary of State's delay in forwarding the copies of the summons and complaint to the defendants. The delay by the Secretary of State in forwarding the copies of the summons and complaint is a reasonable excuse for the default (see King v 105-02 Forest Hills, LLC, 233 AD3d 939).
Further, the documents submitted in support of the defendants' cross-motion established a potentially meritorious defense. The plaintiff's complaint alleged that "the arbitrary time frame to accomplish the aforesaid condition precedent was impossible." However, the documents submitted by the defendants indicate that there may be an issue of fact as to whether the time frame was in fact reasonable, especially since the defendants gave the plaintiff approximately three months prior notice that they would send the time-of-the-essence-letters.
Further, the defendants' delay in cross-moving, in effect, pursuant to CPLR 5015(a) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer was brief, and no prejudice resulting from the brief delay was alleged (see Hendeles v Preferred Contrs. Ins. Co. RRG, LLC, 167 AD3d 581; Northeast Steel Prods., Inc. v John Little Designs, Inc., 80 AD3d 585).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiff's separate motions for leave to enter a default judgment against Vanmew and against St. John's and granted the defendants' cross-motion, in effect, pursuant to CPLR 5015(a) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer to the extent of extending the defendants' time to appear and answer to 30 days from the date of entry of the order.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court