■ Leonard C. Spano et al., Respondents, v David Kline, as Owner of D.K. Forestry, Appellant, et al., Defendants. [857 NYS2d 381]—

Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, A.J.), entered January 16, 2007. The judgment awarded damages in favor of plaintiffs and against defendant David Kline, owner of D.K. Forestry, following an inquest on damages.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that plaintiffs are awarded damages for 36 trees in the amount of $9,000 and as modified the judgment is affirmed without costs.

Memorandum: David Kline, the owner of D.K. Forestry (defendant), appeals from a judgment entered upon defendant's default with respect to liability in failing to answer the complaint, and awarding damages to plaintiffs in the amount of $11,915.99 following an inquest on damages, at which defendant was present. Defendant contends on appeal that Supreme Court erred in granting the judgment because the affidavit of plaintiffs' process server did not comply with CPLR 306 (b) and he was not in fact validly served. We note at the outset that defendant's contention is properly before us despite defendant's failure to move to vacate the default on the issue of liability. The record establishes that, when defendant failed to answer the complaint, plaintiffs moved for a default judgment. Defendant appeared on the return date of the motion and contested the default, whereupon the court ordered a traverse hearing on the issue of service of process. The court determined at the hearing that defendant was properly served, and the matter then proceeded directly to an inquest on damages. "Where, as here, a party appears and contests an application for entry of a default judgment, CPLR 5511, prohibiting an appeal from an order or judgment entered upon default, is inapplicable, and the judgment predicated upon the party's default is therefore appealable" (*Spatz v Bajramoski*, 214 AD2d 436, 436 [1995]; *see Jann v Cassidy*, 265 AD2d 873 [1999]).

With respect to the merits of defendant's contention concerning the default, we conclude that, although defendant is correct that the process server's affidavit was not in technical compliance with CPLR 306 (b), "[a]n improperly executed affidavit of

service is a mere irregularity and not a jurisdictional defect . . . 'The crucial question is whether or not [the] defendant was in fact served with process' " (*Mendez v Kyung Yoo*, 23 AD3d 354, 355-356 [2005]). Here, plaintiffs presented evidence at the traverse hearing establishing that defendant knowingly resisted service and that the process server left a copy of the summons in defendant's general vicinity (*see Kapsis v Green*, 285 AD2d 492, 493 [2001]). We thus conclude that the court "properly determined by a fair interpretation of the evidence that service of process [on defendant] was valid" (*R.D. Smithtown, L.L.C. v Lucille Roberts Figure Salons*, 277 AD2d 439, 440 [2000]).

With respect to defendant's contentions concerning the amount of damages awarded, we agree with defendant that plaintiffs are entitled to recover damages only with respect to 36 trees, rather than the 37 mistakenly found by the court to be damaged. The testimony of plaintiff Leonard Spano at the inquest on damages established that only 36 trees had been damaged, and we therefore modify the judgment accordingly. We otherwise conclude that plaintiffs established their entitlement to the damages awarded. The testimony of plaintiff David Spano that he spent $980 to repair plaintiffs' driveway supports the award of damages in that amount. Finally, the testimony of plaintiffs that trees were cut down on their property without their permission in an area in which only defendant and his employees were working supports the award of damages under RPAPL 861 (1) (*see Zablow v DiSavino*, 22 AD3d 748, 749 [2005]). Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.