■ COUNSEL FINANCIAL SERVICES, LLC, Respondent, v DAVID McQUADE LEIBOWITZ, P.C., et al., Appellants. [889 NYS2d 811]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (John M. Curran, J.), entered November 25, 2008. The order and judgment granted plaintiff's motion for summary judgment in lieu of complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from an order and judgment granting plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In granting plaintiff's motion, Supreme Court, inter alia, ordered defendants to pay a specified amount due on a promissory note executed by defendant David McQuade Leibowitz, P.C. (DML), and personally guaranteed by David McQuade Leibowitz (defendant). We note at the outset that the contentions of defendants are properly before us despite the fact that the order and judgment was entered upon their default. Although defendants did not move to vacate the order and judgment, they appeared in court on the adjourned return date of the motion and contested the entry of

a default judgment (*see Spano v Kline*, 50 AD3d 1499 [2008], *lv denied* 11 NY3d 702 [2008], 12 NY3d 704 [2009]; *Jann v Cassidy*, 265 AD2d 873, 874 [1999]; *Spatz v Bajramoski*, 214 AD2d 436 [1995]). Nevertheless, we conclude that the court properly granted the motion.

Plaintiff met its initial burden by submitting the promissory note, the personal guarantee, and evidence of DML's default (*see LaMar v Vasile* [appeal No. 4], 49 AD3d 1218 [2008]; *Judarl v Cycletech, Inc.*, 246 AD2d 736, 737 [1998]). The record establishes that only plaintiff's counsel appeared in court on the initial return date of the motion but that the court thereafter granted defendants additional time in which to submit papers in opposition to the motion and adjourned the matter to a date subsequent thereto. The court stated that, in the event that defendant failed to appear on the adjourned return date, "the matter will be deemed submitted." Defendants failed to submit any opposing papers by the date specified by the court and, although defendant appeared in court on the adjourned return date, he requested a second adjournment at that time, in which to prepare opposing papers. The court determined that defendants already were in default at that time, inasmuch as they had failed to submit opposing papers. "Having defaulted, . . . defendant[s] may not now challenge the merits of plaintiff['s] claims collaterally" (*Porisini v Petricca*, 90 AD2d 949, 949 [1982]; *see Constandinou v Constandinou* [appeal No. 1], 265 AD2d 890 [1999]). Finally, under the circumstances of this case, we reject the contention of defendants that the court abused or improvidently exercised its discretion in denying their second request for an adjournment in order to submit opposing papers (*see generally Pitts v City of Buffalo*, 19 AD3d 1030 [2005]). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.