MORGAN STANLEY MORTGAGE LOAN TRUST 2006-17XS, as Trustee, Appellant, v JOEL WALDMAN, Respondent, et al., Defendants. [16 NYS3d 331]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated June 15, 2013, which granted the motion of the defendant Joel Waldman, in effect, to vacate his default in appearing or answering and to dismiss the complaint pursuant to CPLR 3211 (a) (3) and 3215 (c).

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion is denied.

The plaintiff commenced this action to foreclose a mortgage after the borrower, the defendant Joel Waldman, defaulted on his residential mortgage loan for the subject premises. Waldman does not dispute that he was served with a summons and complaint on or about September 14, 2010, and that he did not timely appear or answer. The summons warned Waldman that failure to serve an answer may result in entry of a default judgment, stated "you can lose your home," and advised him to speak to an attorney.

Upon application by the plaintiff, the Supreme Court issued an order of reference dated August 16, 2012. The order recited that no answer had been interposed and the time to answer had expired. On October 25, 2012, Waldman submitted an untimely answer, which the plaintiff rejected on November 7, 2012.

By order to show cause dated December 5, 2012, Waldman moved, in effect, to vacate his default in appearing or answering and to dismiss the complaint pursuant to CPLR 3211 (a) (3) and 3215 (c). The Supreme Court granted that branch of the motion which was, in effect, to vacate the default in answering or appearing, and those branches of the motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3) for lack of standing and to dismiss the complaint pursuant to CPLR 3215 (c). The plaintiff appeals. We reverse.

A defendant seeking to vacate a default in answering a complaint must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (*see* CPLR 3012 [d]; *Chase Home Fin., LLC v Minott*, 115 AD3d 634, 634 [2014]; *Community Preserv. Corp. v Bridgewater Condomini-*

*ums, LLC*, 89 AD3d 784, 785 [2011]). Here, Waldman failed to establish a reasonable excuse for his default (*see Chase Home Fin., LLC v Minott*, 115 AD3d at 634; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647, 648 [2014]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167, 1167 [2010]). Furthermore, the summons contained express warnings to answer the complaint and to speak to an attorney (*see Chase Home Fin., LLC v Minott*, 115 AD3d at 634-635; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 647). Because Waldman failed to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious defense to this action (*see HSBC Bank USA, N.A. v Lafazan*, 115 AD3d at 648; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011]).

Waldman's remaining contentions are without merit.

Accordingly, the Supreme Court should have denied Waldman's motion, in effect, to vacate his default and dismiss the complaint. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.