In an action to foreclose a mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 17, 2013, which, in effect, denied its motion for leave to enter a default judgment of foreclosure and sale and, pursuant to CPLR 2001 and 5019 (a), to substitute, nunc pro tunc, a newly signed affidavit of merit and of the amount due in place of that which had been attached to the plaintiff’s application for an order of reference, and to validate the order of reference, and granted the cross motion of the defendant Lillian Samuel, in effect, to vacate her default in answering the complaint, to compel acceptance of her late answer, to dismiss the complaint insofar as asserted against her, inter alia, pursuant to CPLR 3211 (a), to vacate the order of reference, to cancel the notice of pendency, and for an award of costs, and (2), as limited by its brief, from so much of an order of the same court dated March 21, 2014, as, upon re-argument, adhered to the original determination.
Ordered that the appeal from the order dated December 17, 2013, is dismissed, as that order was superseded by the order *1106 dated March 21, 2014, made upon reargument; and it is further,
Ordered that the order dated March 21, 2014, is reversed insofar as appealed from, on the law, and, upon reargument, the order dated December 17, 2013, is vacated, the plaintiffs motion is granted, and the cross motion of the defendant Lillian Samuel is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action in January 2008 through its then attorney of record, Steven J. Baum, P.C. The defendants co-mortgagors, Lillian Samuel and Cheryl Cancela, did not appear or answer the complaint, and on July 30, 2009, an order of reference pursuant to RPAPL 1321 was entered. In April 2013, the plaintiffs substituted counsel moved for leave to enter a default judgment of foreclosure and sale and, pursuant to CPLR 2001 and 5019 (a), to substitute, nunc pro tunc, a newly signed affidavit of merit and of the amount due in place of the affidavit of merit and of the amount due that had been attached to the plaintiffs application for an order of reference, and to validate the order of reference. Samuel cross-moved to vacate her default in answering the complaint, to compel acceptance of her late answer, to dismiss the complaint insofar as asserted against her, inter alia, pursuant to CPLR 3211 (a), to vacate the order of reference, to cancel the notice of pendency, and for an award of costs. The Supreme Court granted Samuel’s cross motion “in its entirety” and, in effect, denied the plaintiff’s motion. Upon reargument, the court adhered to its prior determination.
A defendant seeking to vacate a default in appearing and answering a complaint must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015 [a] [1]; SDF8 CBK, LLC v 689 St. Marks Ave., Inc., 131 AD3d 1037 [2015]). Here, Samuel claimed that, when she received the summons and complaint, she telephoned the office of the plaintiff’s attorney. An unidentified woman who answered the telephone at the office of the plaintiff’s counsel told her that she needed to contact the loan servicer and complete an application for a loan modification. Samuel claimed that she “trusted that the advice I was given from the plaintiff’s lawyer was complete,” and made no claim that she was advised against serving an answer to the complaint or seeking independent counsel (cf. Estate of Witzigman v Drew, 48 AD3d 1172 [2008]; Citimortgage, Inc. v Patello, 35 Misc 3d 1212[A], 2012 NY Slip Op 50662[U] [Sup Ct, Onondaga County 2012]). Samuel further claimed that she was *1107 not knowledgeable about the law, and she and the plaintiff had participated in settlement negotiations. Her claims did not constitute a reasonable excuse for her failure to timely appear or answer the complaint (see HSBC Bank USA, N.A. v Rotimi, 121 AD3d 855 [2014]; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647 [2014]; Chase Home Fin., LLC v Minott, 115 AD3d 634 [2014]; U.S. Bank N.A. v Slavinski, 78 AD3d 1167 [2010]). Samuel’s remaining contention as to whether the default should be vacated is without merit.
Since Samuel failed to establish a reasonable excuse for her default, it is unnecessary to consider whether she sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Wells Fargo Bank, NA v Besemer, 131 AD3d 1047 [2015]), including alleged lack of standing (see BAC Home Loans Servicing, LP v Reardon, 132 AD3d 790, 791 [2015]). Accordingly, Samuel’s cross motion should have been denied.
Moreover, the Supreme Court should have granted the plaintiff the relief of substitution, nunc pro tunc, of a newly signed affidavit of merit and of the amount due in place of the affidavit of merit and of the amount due that had been attached to the plaintiff’s application for an order of reference, and validation of the order of reference (see Deutsche Bank Natl. Trust Co. v Lawson, 134 AD3d 760 [2015]; U.S. Bank N.A. v Eaddy, 109 AD3d 908, 909 [2013]). Further, the plaintiff satisfied the requirements for entry of a default judgment of foreclosure and sale. Accordingly, upon reargument, the Supreme Court should have granted the plaintiff’s motion.
Rivera, J.R, Sgroi, Miller and Hinds-Radix, JJ., concur.