Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered February 1, 2016. The order granted plaintiff’s motion for a default judgment against defendant Marseena Harmonson and for an order of reference, and denied the cross motions of that defendant seeking, inter alia, leave to file a late answer.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this foreclosure action after Marseena Harmonson (defendant) defaulted on a note and mortgage. Defendant served plaintiff with an answer 8V2 months later, accompanied by a letter acknowledging the answer’s untimeliness. Plaintiff refused service and filed a notice of return, and then moved for a default judgment against defendant and for an order of reference. Defendant filed a cross motion seeking, inter alia, dismissal of the complaint on various grounds or leave to file a late answer. Defendant filed a second cross motion later that same month seeking a declaration that, inter alia, a prior assignment of the note and mortgage is void, as well as seeking dismissal of the complaint on additional grounds not stated in her first cross motion. Supreme Court granted plaintiff’s motion and denied defendant’s cross motions. We affirm.
 

 Plaintiff established its entitlement to a default judgment and an order of reference through proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of defendant’s failure to answer (see CPLR 3215 [f]; HSBC Bank USA, N.A. v Clayton [appeal No. 2], 146 AD3d 942, 944 [2017]).
 

 Contrary to defendant’s contention, the court properly denied her application seeking leave to file a late answer inasmuch as defendant failed to offer the court a reasonable excuse for her default (see Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman, 131 AD3d 1140, 1140-1141 [2015]; see also CPLR 3012 [d]). In light of that failure, we need not consider whether defendant established a potentially meritorious defense (see Wells Fargo Bank, N.A. v Dysinger, 149 AD3d 1551, 1552 [2017]; Morgan Stanley Mtge. Loan Trust 2006-17XS, 131 AD3d at 1141). Defendant’s contention that her participation in settlement discussions constitutes a reasonable excuse for her default is raised for the first time on appeal, and thus it is not properly before us (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). Moreover, defendant’s participation in settlement discussions is not a fact supported by the record and, in any event, such participation does not constitute a reasonable excuse for her default (see Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858 [2016]; US Bank, N.A. v Samuel, 138 AD3d 1105, 1106-1107 [2016]).
 

 We have examined defendant’s remaining contention and conclude that it lacks merit.
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.