Deutsche Bank Natl. Trust Co. v Mladen (2019 NY Slip Op 07767)





Deutsche Bank Natl. Trust Co. v Mladen


2019 NY Slip Op 07767


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-05557
 (Index No. 59086/16)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Goran Mladen, appellant, et al., defendants.


Nathan M. Ferst, New York, NY, for appellant.
Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Leah Jacob], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Goran Mladen appeals from an order of the Supreme Court, Westchester County (David Everett, J.), dated April 11, 2018. The order, insofar as appealed from, denied that defendant's cross motion pursuant to CPLR 5015(a)(1) to vacate an order of reference dated February 2, 2017 (Orazio R. Bellantoni, J.), entered upon his failure to appear or answer the complaint, and for leave to serve a late answer, or, in the alternative, in effect, for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304.
ORDERED that the order dated April 11, 2018, is affirmed insofar as appealed from, with costs.
In June 2016, the plaintiff commenced this action against, among others, the defendant Goran Mladen (hereinafter the defendant) to foreclose a mortgage. The defendant did not answer the complaint. As mandated by CPLR 3408(a), the plaintiff and the defendant, who was represented by former counsel, participated in settlement conferences in September and October 2016, but were unable to reach a resolution. The Supreme Court issued an order of reference dated February 2, 2017, upon the defendant's default. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved pursuant to CPLR 5015(a)(1) to vacate the order of reference entered upon his default in answering the complaint and for leave to serve a late answer or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304. In an order dated April 11, 2018, the court denied the defendant's cross motion and denied the plaintiff's motion without prejudice to renew following submission of the referee's report upon completion of a hearing pursuant to RPAPL 1321. The defendant appeals from so much of the order as denied his cross motion.
A defendant seeking to vacate a default under CPLR 5015(a)(1) must demonstrate a reasonable excuse for his or her default in appearing or answering the complaint and a potentially meritorious defense to the action (see Eugene DiLorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1131; Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817). The determination of what constitutes a reasonable excuse lies within the [*2]discretion of the court (see Bank of Am., N.A. v Champion Dental, P.C., 172 AD3d 982, 983; Bank of N.Y. Mellon v Ruci, 168 AD3d 799, 800). "A party attributing his or her default to a former attorney must provide a detailed and credible explanation of the default. Conclusory and unsubstantiated allegations of law office failure are not sufficient" (LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886; U.S. Bank N.A. v Adolphe, 170 AD3d 1236, 1237; Lefcort v Samowitz, 165 AD3d 772, 773).
Here, in proffering the excuse of law office failure, the defendant submitted an affidavit in which he stated that he was unaware, and his former attorney did not discuss with him, that an answer to the complaint was required. This unsubstantiated claim of law office failure did not constitute a reasonable excuse (see LaSalle Bank N.A. v Calle, 153 AD3d 801, 803; One W. Bank, FSB v Valdez, 128 AD3d 655, 655), especially since the summons that was served upon the defendant contained the specific language mandated by RPAPL 1320 that he "MUST RESPOND BY SERVING A COPY OF THE ANSWER" (see Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman, 131 AD3d 1140, 1140; Chase Home Fin., LLC v Minott, 115 AD3d 634, 634-635).
Since the defendant failed to establish a reasonable excuse for his default in answering the complaint, it is unnecessary to consider whether the defendant demonstrated the existence of a potentially meritorious defense (see Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 887; PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1116; Kondaur Capital Corp. v McAuliffe, 156 AD3d 778, 780; Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court