Lechase Constr. Servs., LLC v JM Bus. Assoc. Corp. (2020 NY Slip Op 01977)





Lechase Constr. Servs., LLC v JM Bus. Assoc. Corp.


2020 NY Slip Op 01977


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


113 CA 19-00299

[*1]LECHASE CONSTRUCTION SERVICES, LLC, PLAINTIFF-RESPONDENT,
v
JM BUSINESS ASSOCIATES CORP.,






JOSEPH FRANCIS BERGH, SYRACUSE, FOR DEFENDANT-APPELLANT.
ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered January 17, 2019. The order granted the amended motion of plaintiff insofar as it sought a default judgment on liability. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for, inter alia, breach of contract, defendant appeals from an order granting plaintiff's amended motion to the extent that it sought a default judgment on liability. Initially, we note that, pursuant to CPLR 5511, "[a]n aggrieved party . . . may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party," and thus, in general, "[n]o appeal lies from an order entered upon the default of the appealing party" (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]). That rule does not apply, however, " [w]here, as here, a party appears and contests an application for entry of a default judgment' " (Spano v Kline, 50 AD3d 1499, 1499 [4th Dept 2008], lv denied 11 NY3d 702 [2008], lv denied 12 NY3d 704 [2009]; see Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C., 67 AD3d 1483, 1483-1484 [4th Dept 2009]). Consequently, defendant's contentions on appeal are properly before us to the extent that defendant contested plaintiff's amended motion in Supreme Court (see e.g. Spano, 50 AD3d at 1499; Jann v Cassidy, 265 AD2d 873, 874 [4th Dept 1999]). Nevertheless, we affirm.
This action arises out of a construction project, with respect to which plaintiff, the prime contractor on the project, entered into a subcontract with defendant to perform certain carpentry work. During the course of the project, plaintiff sent defendant several demands claiming that defendant's work did not conform to the subcontract's specifications and, thereafter, defendant left the work site without completing the required work, despite the existence of a contractual provision requiring the subcontractor to continue work under such circumstances. Plaintiff then commenced this action and, after defendant failed to file an answer or otherwise respond to the summons and complaint, plaintiff moved for, inter alia, a default judgment on liability. In support of the amended motion, plaintiff submitted, in addition to evidence establishing the default of defendant and "proof of the facts constituting the claim" (CPLR 3215 [f]; cf. Cary v Cimino, 128 AD3d 1460, 1461 [4th Dept 2015]; see generally Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899 [2d Dept 2019]), the affidavit of a process server, who averred that he served defendant by delivering a copy of the summons and complaint to the office of the Secretary of State pursuant to Business Corporation Law § 306 (b) (1), and an affidavit of additional mailing establishing that a copy of the summons and complaint was also sent to defendant's mailing address pursuant to CPLR 3215 (g) (4). In opposition, defendant asserted that it was entitled under CPLR 317 to be relieved from its default in pleading, and defendant submitted an affidavit in which its president averred, insofar as relevant to the issue of service, [*2]that defendant had not received the summons and complaint prior to receipt of plaintiff's initial notice of motion for a default judgment.
We reject defendant's contention that the court erred in granting the amended motion insofar as it sought a default judgment on liability. Plaintiff met its initial burden on its amended motion of establishing its entitlement to enter a default judgment against defendant (see Kircher v William Penn Life Ins. Co. of N.Y., 165 AD3d 1241, 1242 [2d Dept 2018]; PNC Bank, N.A. v Harmonson, 154 AD3d 1347, 1348 [4th Dept 2017]). Under these circumstances, in order to be relieved of a default in pleading under CPLR 317, defendant was required to show, among other things, that it did not receive actual notice of the process in time to defend the action (see CPLR 317; Matter of Hamilton Equity Group, LLC v Southern Wellcare Med., P.C., 158 AD3d 1214, 1215 [4th Dept 2018], lv dismissed 32 NY3d 1140 [2019]). It is well settled that a "process server's affidavit constitute[s] prima facie evidence of proper service on the Secretary of State" (Hamilton Equity Group, LLC, 158 AD3d at 1215), and thus defendant was required to rebut the presumption of proper service (see id.; Lange v Fox Run Homeowners Assn., Inc., 127 AD3d 823, 824 [2d Dept 2015]). Here, the "self-serving affidavit [of defendant's president], which merely denied receipt, is insufficient to rebut [that] presumption" (Hamilton Equity Group, LLC, 158 AD3d at 1215; see Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [2d Dept 2012]; Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080, 1081-1082 [2d Dept 2011]). In light of our determination, defendant's remaining contentions are academic.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court