Nationstar Mtge., LLC v Brignol (2020 NY Slip Op 02045)





Nationstar Mtge., LLC v Brignol


2020 NY Slip Op 02045


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05943
 (Index No. 9316/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Marie Jose Brignol, appellant, et al., defendant.


Annel-Stephan Norgaisse, Queens Village, NY, for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (James R. Adam of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marie Jose Brignol appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 4, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court entered October 5, 2015, upon her failure to appear or answer the complaint, and to set aside the judicial sale of the subject premises.
ORDERED that the order is affirmed, with costs.
We agree with the Supreme Court's determination denying the motion of the defendant Marie Jose Brignol pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale entered upon her failure to appear or answer the complaint, and to set aside the judicial sale of the subject premises.
Regarding the branch of Brignol's motion which sought to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a)(1), a defendant seeking relief under that provision must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see US Bank, N.A. v Samuel, 138 AD3d 1105, 1106). Brignol failed to establish a reasonable excuse for her default, and therefore it is not necessary to determine whether she demonstrated a potentially meritorious defense to the action (see U.S. Bank N.A. v Grubb, 162 AD3d 823; US Bank, N.A. v Samuel, 138 AD3d at 1107; Morgan Stanley Mtge. Loan Trust 2006-17XS v Waldman, 131 AD3d 1140).
A court may, in the exercise of its equitable powers, set aside a foreclosure sale where there is evidence of fraud, collusion, mistake, or misconduct (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895; U.S. Bank N.A. v Testa, 140 AD3d 855, 856; Bank of N.Y. Trust Co. v Gonzalez-Salinas, 89 AD3d 779, 779). In order to provide a basis for setting aside a sale, the evidence of fraud, collusion, mistake, or misconduct must cast suspicion on the fairness of the sale (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d at 895; Clinton Hill Holding 1, LLC v Kathy & Tania, Inc., 142 AD3d 631, 632; Midfirst Bank v Al-Rahman, 81 AD3d 797). Here, Brignol failed to set forth any evidence of fraud, collusion, mistake, or misconduct that casts suspicion on the fairness of the sale.
Brignol's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court