Fusion Funding v Loftti Inc. (2023 NY Slip Op 02413)

Fusion Funding v Loftti Inc.

2023 NY Slip Op 02413

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

132 CA 22-01116

[*1]FUSION FUNDING, PLAINTIFF-RESPONDENT,
v
LOFTTI INC., DOING BUSINESS AS LOFTTI CAFÉ, DEFENDANT, AND PAUL KIM, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LINDEN LAW GROUP, P.C., NEW YORK CITY (JEFFREY BENJAMIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WELLS LAW P.C., LANCASTER (JAMES M. SPECYAL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 13, 2022. The order denied the motion of defendant Paul Kim to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, Paul Kim (defendant) appeals from an order denying his motion to vacate a default judgment granted against him and defendant Loftti Inc., doing business as Loftti Café. In appeal No. 2, defendant appeals from an order and judgment denying his second motion to vacate the default judgment and granting plaintiff's request for sanctions against defendant.
In appeal No. 1, we reject defendant's contention that he established that he was not properly served with the summons and complaint and therefore Supreme Court abused its discretion in denying his first motion to vacate the default judgment. "The determination whether to vacate an order entered upon default is left to the sound discretion of the court" (Matter of Oneida County Dept. of Social Servs. v Russell R., 175 AD3d 1793, 1793 [4th Dept 2019], lv dismissed 35 NY3d 949 [2020]; see Butchello v Terhaar, 176 AD3d 1579, 1580 [4th Dept 2019]; Matter of Troy D.B. v Jefferson County Dept. of Social Servs., 42 AD3d 964, 965 [4th Dept 2007]). "Pursuant to CPLR 5015 (a) (1), a court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense" (Russell R., 175 AD3d at 1794 [internal quotation marks omitted]). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817 [2d Dept 2018] [internal quotation marks omitted]). "Bare and unsubstantiated denials [of receipt of service] are insufficient to rebut the presumption of service" (U.S. Bank N.A. v Rauff, 205 AD3d 963, 965 [2d Dept 2022] [internal quotation marks omitted]; see LeChase Constr. Servs., LLC v JM Bus. Assoc. Corp., 181 AD3d 1294, 1296 [4th Dept 2020]).
Here, in his first motion to vacate the default judgment, defendant failed to rebut the presumption of proper service. Defendant's conclusory assertion in his affidavit in support of the motion that he was not present in Nevada, where the summons and complaint had allegedly been served, at the time service was effected was unsubstantiated (see U.S. Bank N.A., 205 AD3d at 965; HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794 [2d Dept 2021]; Nationstar Mtge., [*2]LLC v Cohen, 185 AD3d 1039, 1041 [2d Dept 2020]). Further, the alleged differences between defendant's physical appearance and the description in the affidavit of service of the person served "were either too minor or insufficiently substantiated to warrant a hearing" (U.S. Bank N.A., 205 AD3d at 965; see One W. Bank, FSB v Rotondaro, 188 AD3d 710, 712 [2d Dept 2020]).
In appeal No. 2, we conclude that defendant's second motion was, in substance, a motion for leave to renew his original motion to vacate the default judgment and, contrary to defendant's contention, the court did not abuse its discretion in denying his motion for leave to renew. "[A] motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and shall contain reasonable justification for the failure to present such facts on the prior motion" (2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 206 AD3d 1607, 1607-1608 [4th Dept 2022] [internal quotation marks omitted]). As the moving party, defendant "bore the burden of proving that the new evidence [he] sought to present could not have been discovered earlier with due diligence and would have led to a different result" (Centerline/Fleet Hous. Partnership, L.P.—Series B v Hopkins Ct. Apts., LLC, 176 AD3d 1596, 1598 [4th Dept 2019] [internal quotation marks omitted]). Here, defendant's motion for leave to renew was not based upon new facts not offered on the prior motion, but rather on evidence corroborating the facts alleged in support of the prior motion. Further, defendant provided no reasonable justification for the failure to provide such evidence in his first motion. "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Heltz v Barratt, 115 AD3d 1298, 1300 [4th Dept 2014], affd 24 NY3d 1185 [2014] [internal quotation marks omitted]; see Welch Foods v Wilson, 247 AD2d 830, 831 [4th Dept 1998]).
We agree with defendant in appeal No. 2, however, that the court abused its discretion in granting plaintiff's request to assess sanctions pursuant to 22 NYCRR 130-1.1. "The court, in its discretion, may award to any party or attorney in any civil action
. . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [a]). "In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action . . . who engages in frivolous conduct" (id.). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]). Here, although defendant's motion for leave to renew was without merit, it is clear that defendant was attempting to provide the court with additional support for the factual assertions made in his first motion, which the court had concluded was lacking in evidentiary support. Thus, defendant's motion was not frivolous, and we therefore modify the order and judgment in appeal No. 2 by vacating that part granting plaintiff's request for sanctions.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court