Amber Well Drilling, LLC v Diegelman (2023 NY Slip Op 04291)

Amber Well Drilling, LLC v Diegelman

2023 NY Slip Op 04291

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND OGDEN, JJ.

576 CA 22-01150

[*1]AMBER WELL DRILLING, LLC, PLAINTIFF-APPELLANT,
v
ROBERT DIEGELMAN, DEFENDANT-RESPONDENT. 

THE CROSSMORE LAW OFFICE, ITHACA (EDWARD Y. CROSSMORE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MICHAEL G. PUTTER, ROME, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered May 16, 2022. The order awarded defendant money damages in the amount of $1,456. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reducing the award of damages to defendant to $1,426 and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this breach of contract action seeking the unpaid balance for its services in connection with the parties' contract providing for the installation of a new well and pump system on defendant's property. Defendant answered and asserted a counterclaim alleging that the well was actually installed on his neighbors' property and that, as a result, defendant was required to purchase the parcel containing the well from his neighbors. The counterclaim thus sought reimbursement for the money expended by defendant for the purchase of that parcel.
The evidence presented at the bench trial in this case established that, although defendant provided plaintiff with a survey of his property, the parties never met to discuss the exact location where the well would be installed, nor did the contract specify the exact location where the well would be installed. Defendant made two payments to plaintiff for its services, but after purchasing the parcel containing the well from his neighbors, declined to make full payment to plaintiff. Following the bench trial, Supreme Court awarded defendant $1,456.00, which the court determined was the difference between the cost to defendant of buying the land where the well was installed, i.e., $6,975.00, and the amount due to plaintiff under the contract, i.e., $5,549.00. Plaintiff appeals.
Contrary to plaintiff's contentions, we conclude that the court properly determined that plaintiff breached the contract. The contract required that plaintiff install a new well on defendant's property, and defendant provided plaintiff with a survey for that purpose. Plaintiff thus breached the contract when it failed to place the well on defendant's property. Furthermore, the court properly awarded defendant damages on his counterclaim representing the difference between the cost to defendant of buying the land where the well was installed and the amount due to plaintiff under the contract. "Damages awarded in a breach of contract action should place a [party] in the same position as it would have been if the agreement had not been violated" (R & I Elecs. v Neuman, 66 AD2d 836, 837 [2d Dept 1978]). We conclude, however, that the court made a mathematical error in calculating the damages, and we therefore modify the order by reducing the award of damages to defendant to $1,426.00 (see generally Spano v Kline, 50 AD3d 1499, 1500 [4th Dept 2008], lv denied 11 NY3d 702 [2008], lv denied 12 NY3d 704 [2009]).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court