GLD Sponsor Member, LLC v BN Holdings Trust (2024 NY Slip Op 50187(U))

[*1]

GLD Sponsor Member, LLC v BN Holdings Trust

2024 NY Slip Op 50187(U)

Decided on February 25, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 25, 2024
Supreme Court, New York County

GLD Sponsor Member, LLC, Plaintiff,

against
BN Holdings Trust and KELLI D. AUSTIN, Defendants.

Index No. 653490/2023

Akerman LLP, New York, NY (Donald N. David of counsel), for plaintiff.
No appearance for defendants.

Gerald Lebovits, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34 were read on this motion for ATTORNEY FEES.
This court previously granted the CPLR 3213 summary-judgment motion of plaintiff, GLD Sponsor Member, LLC, against defendant-borrower BN Holdings Trust and defendant-guarantor Kelli D. Austin. (See GLD Sponsor Member, LLC v BN Holdings Trust, 2023 NY Slip Op 51077[U] [Sup Ct, NY County 2023].) The court held that plaintiff was also entitled to a supplemental judgment in the amount of its reasonable attorney fees, with the amount of those fees to be determined by motion on notice. (See id. at *2-3.) Plaintiff now moves without opposition for an award of fees. The motion is granted in part and denied in part.
DISCUSSION
1. One procedural issue bears discussion at the outset. Plaintiff brought this motion in October 2023. (See NYSCEF No. 27.) The notice of motion requests an award of $35,862.50 in fees already incurred, plus $2,500 for fees expected to be incurred in enforcing the judgment. (Id. at 1.) The motion, as initially filed, was supported by a heavily redacted set of invoices/time records. (See NYSCEF No. 32.) In January 2024, at the court's request, plaintiff submitted unredacted copies of those records to the court by email, asking the court to review them in camera because of privilege concerns. (See NYSCEF No. 37 at 1 [interim order].) This court, on reviewing the unredacted records, concluded that most of the redactions did not rest on a cognizable privilege claim. The court therefore issued an interim order directing plaintiff "promptly to e-file counsel's billing records again, with redactions, if any, limited to descriptions in the records of the contents of attorney-client communications." (Id.)
In late February 2024, plaintiff refiled the records with limited redactions, as directed. (See NYSCEF No. 41.) The records in plaintiff's new submission, however, are not limited to copies of those previously submitted. Instead, as made clear in an affirmation of counsel, plaintiff has also submitted subsequent records, extending through January 31, 2024. (See NYSCEF No. 41 at 52.) And plaintiff is now asking this court to award not $35,862.50 in incurred fees and $2,500 in expected future fees, but $149,365.60 in incurred fees and costs, plus another $25,000 for expected further fees—a total of $174,365.60, rather than $38,362.50. (See NYSCEF No. 38 at ¶ 19.)
This court declines to award plaintiff on this motion relief that (i) was not provided for or envisioned in this court's interim order; and (ii) vastly exceeds the scope and amount of the monetary award sought in plaintiff's notice of motion.[FN1]
This ruling is without prejudice to plaintiff's filing a renewed and properly supported request for attorney fees incurred in its judgment-collection efforts.[FN2]

With respect to the attorney fees encompassed by plaintiff's notice of motion, plaintiff has shown that it is entitled to some—but only some—of the fees claimed.
2. The request for $2,500 in future anticipated fees is denied. The note (and thus guarantee) makes defendants responsible for fees incurred—not fees expected to be incurred. (See NYSCEF No. 4 at 1.) Plaintiff's papers submitted prior to the motion return date do not provide an "evidentiary basis . . . for granting the anticipated fees." (Panasia Estate, Inc. v 29 W. [*2]19 Condominium, 204 AD3d 33, 38 [1st Dept 2022] [vacating award of anticipated attorney fees and granting reimbursement for incurred fees "in an amount to be determined" later].) And as discussed above, plaintiff's request for recovery of the actual amounts it has incurred in attempting to collect on the judgment is best addressed through a separate motion.
The $35,862.50 in incurred fees is based on 47.8 hours billed in attorney and paralegal time. The attorney time is billed at an average rate of $807 an hour; the paralegal time, an average rate of $433 an hour. Plaintiff has not shown that it is entitled to this amount.
With respect to the attorney hours billed, at least four hours are not compensable at all. Plaintiff's records reflect that counsel billed those hours to prepare the current fee motion (so-called fees on fees). (See NYSCEF No. 38 at 35-36.) But neither the underlying note nor the guarantee manifests an unmistakably clear intent to permit recovering fees on fees, as the governing precedents require. (See IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 644 [2d Dept 2014]; accord Jones v Voskresenskaya, 125 AD3d 532, 534 [1st Dept 2015].)
Of the remainder, the court concludes that it would not be reasonable to award fees for 6.5 hours of attorney time, and 1.6 hours of paralegal time, billed for work that was unnecessary (and futile).
The work in question was undertaken on two issues. First, counsel and a paralegal drafted and filed an unsuccessful request to have this action transferred to the Commercial Division, apparently on the ground that the action (i) arises from business dealings and (ii) contains a request for "equitable or declaratory relief." (See NYSCEF No. 14 [application for transfer to Commercial Division]; NYSCEF No. 38 at 17 [billing records].) But this action is brought under CPLR 3213 for breach-of-contract damages based on an instrument for the payment of money only. (See NYSCEF No. 2 [notice of motion].) That form of (and basis for) relief is neither declaratory nor equitable. (See NYSCEF No. 15 at 2 [administrative order denying transfer application].)
Second, counsel undertook research for a planned default-judgment motion, following defendants' failure to appear and respond. (See NYSCEF No. 38 at 18, 34.) But a default-judgment motion is superfluous in an action, like this one, begun by a CPLR 3213 motion for summary judgment in lieu of complaint. Like a party opposing a CPLR 3212 summary-judgment motion in a plenary action, the defendant in a CPLR 3213 motion-action must file opposition papers that "set forth . . . any defenses he may have on the merits and . . . lay bare his evidentiary proof supporting any such defenses." (Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137, 142 [1st Dept 2010].) If a defendant fails altogether to oppose the CPLR 3213 motion, the motion-action will be treated as unopposed and resolved accordingly, without need for a separate application to the clerk or default-judgment motion under CPLR 3215. (See e.g. Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C., 67 AD3d 1483, 1483-1484 [4th Dept 2009] [granting CPLR 3213 motion upon defendants' default]; cf. Capital Equity Mgt., LLC v Sunshine, 73 Misc 3d 1072, 1080 [Sup Ct, Kings County 2021], citing Hon. Mark C. Dillon, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3213:20 [distinguishing effect of defaults in plenary actions versus CPLR 3213 motion-actions].)
Excluding the hours spent on these subjects, the reasonable number of hours billed was 31.2 hours of attorney time and 4.5 hours of paralegal time.
3. With respect to the hourly rates, a party seeking an attorney-fee award must support its claimed hourly rate (or rates) with evidence of the "customary fee charged for similar services [*3]by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented." (Gamache v Steinhaus, 7 AD3d 525, 527 [2d Dept 2004] [emphasis added; internal quotation marks omitted].) In considering whether a given set of rates is reasonable, a court must take into account that a reasonable party typically "wishes to spend the minimum necessary to litigate the case effectively." (Simmons v New York City Transit Auth., 575 F3d 170, 174 [2d Cir 2009] [internal quotation marks omitted].)
Plaintiff's motion papers do not establish that its counsel's and paralegal's rates, as articulated in the fee request, are the minimum necessary given the customary fee charged in New York City by comparable attorneys for similar services. At most, plaintiff's counsel represents, without elaboration, that its claimed rates "are reasonable and comparable, or actually even lower, than other counsel and firms with similar backgrounds and experience in the City of New York in this same area of practice." (NYSCEF No. 28 at ¶ 23.) That is different, though, from representing—much less establishing—that an average rate of $807/hour for attorneys and $433/hour for paralegals is the customary rate among lawyers/staff of comparable reputation to bring an action on a three-page promissory note (and accompanying three-page guarantee), even one with a face value of $999,999.70. Put differently, this court is unpersuaded that $800/hour is the minimum rate necessary to obtain capable, experienced lawyers in New York City who can successfully sue on a straightforward, albeit substantial, unpaid note and guarantee.
The court awards instead attorney fees of $16,725 (not the $174,365.60 requested in counsel's supplemental affirmation). This award represents an hourly rate for attorney time of $500/hour and $250/hour for paralegal time.
Accordingly, it is
ORDERED that plaintiff's motion is granted in part and denied in part as set forth above, and plaintiff is awarded a supplemental judgment against defendants, jointly and severally, for $16,725 in attorney fees; and it is further
ORDERED that plaintiff may enter a further supplemental judgment for the amount of reasonable attorney fees that plaintiff has actually incurred after October 4, 2023, in seeking to collect on the amounts owed under the note and guarantee, with the amount of those fees to be determined by motion on notice, supported by appropriate documentation; and it is further
ORDERED that plaintiff serve a copy of this order with notice of its entry on defendants by certified mail, return receipt requested, directed to their respective last-known addresses; and on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, 
https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 2/25/2024

Footnotes

Footnote 1:The court's conclusion on this point is bolstered by the fact that plaintiff's judgment-collection efforts are occurring in Texas, including substantial work performed by attorneys working out of a Texas office of plaintiff's counsel's law firm. But the supplemental attorney affirmation submitted by plaintiff with the refiled billing records does not discuss these attorneys' experience and billing rates, nor the customary fee charged for similar services by capable Texas lawyers.

Footnote 2:A motion for judgment-collection-related attorney fees would be consistent with the note and guarantee. The note makes defendant BN Holdings Trust responsible for "reasonable attorneys' fees for legal services in the collection effort," not just in a collection action itself. (NYSCEF No. 4 at 1.) The guarantee makes defendant Austin responsible for "full payment . . . of all Buyer's obligations under the Note," and separately provides that Austin "shall pay all reasonable costs and expenses of [plaintiff] in connection with" an action to enforce the guarantee, including "reasonable attorneys' fees incurred" by plaintiff. (NYSCEF No. 5 at ¶¶ 1, 10.)