Estate of Essig v Essig (2024 NY Slip Op 02396)

Estate of Essig v Essig

2024 NY Slip Op 02396

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

45 CA 23-00635

[*1]THE ESTATE OF KATHRYN ESSIG, DECEASED, BY BARRY ESSIG, PLAINTIFF-RESPONDENT,
v
STEVEN F. ESSIG, DEFENDANT-APPELLANT. 

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES G. DISTEFANO, FAYETTEVILLE, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered December 22, 2022. The order, inter alia, granted plaintiff a default judgment and determined damages. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover on an installment loan contract. Defendant failed to respond to the complaint, and plaintiff moved for a default judgment. Defendant opposed the motion, contending, inter alia, that he had not been served with the complaint, and he cross-moved for, among other things, leave to serve an answer. Defendant now appeals from an order that, inter alia, granted plaintiff a default judgment and awarded plaintiff damages as well as attorneys' fees and costs. We affirm.
Initially, we note that, pursuant to CPLR 5511, "[a]n aggrieved party . . . may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party." Thus, in general, "[n]o appeal lies from an order entered upon the default of the appealing party" (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]). That rule does not apply, however,
" '[w]here, as here, a party appears and contests an application for entry of a default judgment,' " and thus defendant's contentions are properly before us on this appeal (Spano v Kline, 50 AD3d 1499, 1499 [4th Dept 2008], lv denied 11 NY3d 702 [2008], lv denied 12 NY3d 704 [2009]).
With respect to the merits, we reject defendant's contention that Supreme Court erred in granting plaintiff's motion and that defendant was entitled to a traverse hearing. Plaintiff established his entitlement to default judgment against defendant by submitting "proof of service of the summons and the complaint, the facts constituting the claim, and . . . defendant's default" (Diederich v Wetzel, 112 AD3d 883, 883 [2d Dept 2013]; see LeChase Constr. Servs., LLC v JM Bus. Assoc. Corp., 181 AD3d 1294, 1295 [4th Dept 2020]; PNC Bank, N.A. v Harmonson, 154 AD3d 1347, 1348 [4th Dept 2017]). " 'Ordinarily, the affidavit of a process server constitutes prima facie evidence that the defendant was validly served' . . . Although 'bare and unsubstantiated denials are insufficient to rebut the presumption of service . . . , a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing' " (Cach, LLC v Ryan, 158 AD3d 1193, 1194 [4th Dept 2018]; see Alostar Bank of Commerce v Sanoian, 153 AD3d 1659, 1659 [4th Dept 2017]). In support of the motion, plaintiff submitted an affidavit of a process server stating that defendant was personally served (see CPLR 308 [1]; see also CPLR 313) at a particular time and date at an address in Zephyrhills, Florida, and describing the race, hair, age, height, and weight of the person served.
In opposition to the motion, defendant submitted an affidavit stating that the address where he was allegedly served "[was] not [his] residence"; that "[n]o one [had] ever served [him] with papers for a new lawsuit"; that "[n]o one [had] ever come to [his] residence in Florida to serve [him] papers for this lawsuit"; and that "[n]o one [had] delivered lawsuit papers to [him] at any other address." Contrary to defendant's assertion, this is not a situation in which service was required to be mailed to a residence (cf. CPLR 308 [2], [4]). Rather, this situation involves personal service, which, pursuant to CPLR 308 (1), may be made "by delivering the summons . . . to the person to be served" (see also CPLR 313). There is no requirement that such service be effectuated at any particular location and, as a result, it is irrelevant that the address listed on the affidavit of service is not defendant's residence.
Moreover, defendant did not dispute that he matched the description of the person served as set forth in the affidavit of the process server, contending only that "you can't swing a dead cat in Florida without hitting a man of [the same] description." Discrepancies between the appearance of the person allegedly served and the description given in the affidavit of service "must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank N.A. v Cherubin, 141 AD3d 514, 516 [2d Dept 2016]; see Fusion Funding v Loftti Inc., 216 AD3d 1416, 1417 [4th Dept 2023]; Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d 654, 654-655 [2d Dept 2021]).
Aside from general denials of service, defendant submitted no specific facts that would rebut the prima facie evidence of service provided by the affidavit from the process server. We thus conclude "that defendant's 'denial of service in this case was insufficient to rebut the presumption of proper service created by the plaintiff's duly executed affidavit of service' " (Wright v Denard, 111 AD3d 1330, 1331 [4th Dept 2013]; see Robert K. Lesser Living Trust, Dated Apr. 21, 2005 v United Secular Am. Ctr. for the Disabled, Inc., 164 AD3d 1659, 1660 [4th Dept 2018]) or to raise issues of fact requiring a traverse hearing (see Robert K. Lesser Living Trust, Dated Apr. 21, 2005, 164 AD3d at 1660-1661).
In light of our determination, we do not address defendant's remaining contentions.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court