US Foods, Inc. v Miss Prissy's, LLC (2024 NY Slip Op 51639(U))

[*1]

US Foods, Inc. v Miss Prissy's, LLC

2024 NY Slip Op 51639(U)

Decided on December 5, 2024

Supreme Court, Onondaga County

Neri, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2024
Supreme Court, Onondaga County

US Foods, Inc., Plaintiff,

against
Miss Prissy's, LLC & DREAMER GLEN, Individually, Defendants.

Index No. 006936/2024

Joseph M. Shur, Esq.
Relin, Goldstein & Crane, LLP
Attorneys for Plaintiff

Gerard J. Neri, J.

On July 9, 2024, Plaintiff US Foods, Inc. ("US Foods" or the "Plaintiff") commenced this action by filing a summons and complaint alleging that Defendants Miss Prissy's, LLC ("Miss Prissy's") and Dreamer Glen ("Glen" and collectively as the "Defendants") breached certain agreements and are liable for damages to Plaintiff for at least $8,810.76 as well as attorneys' fees (Doc. No. 1). Plaintiff filed an affidavit of service stating that service on Defendant Miss Prissy's was completed on July 16, 2024 via the Secretary of State (Doc. No. 4). Defendant Glen was served via a person of suitable age and discretion on July 29, 2024 and a mailing was sent on July 30, 2024 (Doc. No. 5). The affidavit of service for Glen was filed on September 6, 2024 (ibid).
On December 4, 2024, Plaintiff's Counsel filed a proposed ex parte order for default judgment and attorneys' fees (Doc. No. 6) along with supporting documents (Doc. Nos. 6, et seq.). An attorney affirmation executed by Attorney Joseph M. Shur, Esq. sets forth the basis for the attorneys' fees sought (Doc. No. 7).
Plaintiff's ex parte order seeks default judgment, damages in the amount of $8,810.76, [*2]attorneys' fees, and interest (see ex parte proposed order, Doc. No. 6). Plaintiff must establish its entitlement to a default judgment by submitting "proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of defendant's failure to answer (PNC Bank, Nat. Ass'n v. Harmonson, 154 AD3d 1347, 1348 [Fourth Dept. 2017]; see also CPLR §3215(f)). "A complaint verified by an attorney, although permissible under CPLR §3020(d)(3) where, as here, the client is not in the county where the attorney maintains his office, is insufficient for purposes of CPLR 3215 when the attorney lacks personal knowledge of the facts constituting the claim" (Joosten v. Gale, 129 AD2d 531, 534 [First Dept. 1987]; see also Merchants Mutual Insurance Company v. Dunham Piping & Heating Corp., 203 AD3d 543 [First Dept. 2022]). Plaintiff's submitted documents include an ex parte proposed order (Doc. No. 6), an attorney affirmation of fees (Doc. No. 7), and a Request for Judicial Intervention (Doc. No. 8). There is nothing submitted with the application establishing service of the summons and complaint, proof of the facts constituting its claim, or proof of Defendants' failure to answer. Assuming the Plaintiff intended the Court to rely on the previously filed documents, the summons and complaint was verified by Plaintiff's counsel, Joseph M. Shur, Esq. (Doc. No. 1). The affidavit of service indicates Defendant Miss Prissy's was served via the Secretary of State (Doc. No. 4) and Defendant Glen was served via a person of suitable age and discretion (Doc. No. 5). Assuming proof of service is valid (which cannot be presumed in light of Plaintiff's failure to comply with CPLR §308 in that the affidavit of service was not filed within twenty days of the purported service), Plaintiff has failed to supply any admissible proof of facts constituting its claim or proof of Defendant's failure to answer. The Court has raised this issue with Counsel before (see e.g. Skyworks, LLC v. C.C. Paving & Excavating, Inc., Index No. 005248/2022, Doc. No. 8; see also Mercer Transportation Co., Inc. v. Three D's Trucking, Inc., Index No. 003683/2022, Doc. No. 9; see also Southern Glazer's Wing and Spirits of Upstate New York LLC v. Kasai Ramen LLC et al., Index No. 006809/2024, Doc. No. 10). Plaintiff's purported ex parte motion is DENIED.
NOW, THEREFORE, upon reading and filing the papers with respect to the application, and due deliberation having been had thereon, it is hereby
ORDERED, that Plaintiff's application is DENIED; and it is further
ORDERED, that Plaintiff's counsel shall, on or before January 17, 2025, send one copy of this Decision and Order via USPS First-Class Mail and one copy of this Decision and Order via USPS Certified Mail to Defendant Glen at: 1129 N Glencove Road, Syracuse, New York 13206; and it is further
ORDERED, that Plaintiff's counsel shall, on or before January 17, 2025, send one copy of this Decision and Order via USPS First-Class Mail and one copy of this Decision and Order via USPS Certified Mail to Defendant Miss Prissy's at the following address: PO Box 857, Syracuse, New York 13214; and it is further
ORDERED, that within ten (10) days of mailing copies of this Decision and Order, Plaintiff's counsel shall cause to be filed via NYSCEF an affidavit(s) of mailing which shall include the Certified Mail tracking numbers.
Dated: December 5, 2024
HON. GERARD J. NERI, J.S.C.
ENTER.